IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 99-W-943-N |
| CORRECTIONAL MEDICAL SERVICES, INC., | ) ) ) ) | |
| Defendant. | ) | |

## CONSENT DECREE

### I.  INTRODUCTION

This Consent Decree has been voluntarily entered into between the Equal Employment Opportunity Commission (hereinafter EEOC or "Commission"), Cynthia Scott and Altoria Taylor (the "Charging Parties"), and the Defendant Correctional Medical Services, Inc. ("CMS"), and has been submitted to the United States District Court for the Middle District of Alabama by joint motion for approval. This Decree fully and finally resolves all of the litigation now pending between the parties, except as expressly indicated herein. The training and posting requirements of this Decree shall only take effect to the extent CMS is providing services within the state of Alabama.

### II.  LITIGATION BACKGROUND

The present matter arose out of three charges that were filed with the Equal Employment Opportunity Commission by two charging parties, Altoria Taylor and Cynthia Soctt against CMS. Following its investigations of these changes, the Commission issued Letters of Determination

finding Reasonable Cause to believe that CMS had discriminated against Ms. Scott and Ms. Taylor, and had retaliated against Ms. Scott and Ms. Taylor. After an unsuccessful attempt at conciliation of those charges, the Commission filed suit on September 1, 1999. The Commission's Complaint alleged that CMS had subjected Ms. Scott and Ms. Taylor to a racially hostile work environment, and had retalitorily discharged Ms. Scott and Ms. Taylor for complaints regarding the racially hostile work environment. CMS denied these allegations in its answers to the Commissioner's Complaint and continues to deny these allegations. Following the original pleadings, the parties conducted discovery. In November of 2000, CMS filed a Motion for Summary Judgment. On January 12, 2001, the Commission and CMS reached an agreement to settle which lead to the present document.

### III.   **GENERAL PROVISIONS**

This Court has full jurisdiction of the parties and of the subject matter of this action under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et seq., 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

Nothing herein shall be deemed to be an admission by CMS that it has at anytime, place or in any manner whatsoever violated Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq. (Title VII) or that it has violated any other state or federal law or that it has violated any other theory of liability raised in the lawsuit or demands of any of the parties. To the contrary, CMS denies any and all of Ms. Scott's and Ms. Taylor's allegations.

Upon entry of this decree, the Instant complaint, the Complaint styled <u>EEOC v. CMS, Inc.</u>, CV-99-W-913-N (M.D., Ala.), and all EEOC charges by persons offered compensation by this Decree shall be dismissed with prejudice, with all costs taxed as paid. Charging Parties agree to execute individual releases of all claims against CMS resulting from Charge Nos. 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, 130-

98-0396, 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 and this lawsuit. The EEOC and CMS further agree that this Decree does not, however, resolve any charges that may be pending with the EEOC other than the charges specifically referred to in this Decree or those that may be released by eligible Charging parties.

The Parties agree that this Decree and previous orders and finding in the litigation and Letters of Determination described above shall not constitute an adjudication and/or finding on the merits of the case and shall not be used as evidence of liability, *res judicata*, or collateral estoppel in any other legal proceeding against CMS. The Parties agree the EEOC shall not move for admission of this Decree in any future court proceeding against CMS other than for proceedings to enforce this Decree.

The duration of this Decree shall be two (2) years from the date of the entry of the Decree. During that time, this Court shall retain jurisdiction over this matter and the Parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate its purposes of enforcing compliance with the Decree. Accordingly, this Decree shall expire and shall be without force and effect two (2) years from the date of entry of this Decree.

NOW THEREFORE, the court having carefully examined the terms and provisions of this Consent Decree, and based on the pleadings, record and stipulations of the Parties,

It is FURTHER, ORDERED, ADJUDGED AND DECREED THAT:

IV. **SPECIFIC RELIEF**

A. Monetary Relief

As monetary consideration for settlement of the claims of Ms. Taylor and Ms. Scott, CMS will pay the sums set forth in the individual releases of Ms. Scott and Ms. Taylor. The Charging Parties shall be required as a receipt of any monetary payment to sign a Release, the terms

of which have been already agreed to.

CMS shall forward all payments under this Decree, as stipulated to by the parties, to the Charging Parties within 5 days of receipt of that individual's executed release. Within 30 days after receipt of the original signed releases, CMS shall forward the following to Naomi Hilton Archer, Senior Trial Attorney, EEOC, Birmingham District Office, 1130 22nd Street, South, Ridge Park South, Suite 2000, Birmingham, AL 35205: (1) a copy of all checks paid; and (2) documentation of issuance and proof that the checks were mailed by certified mail.

All parties shall be responsible for their own attorneys' fees and costs of court.

B. <u>Non-Monetary Relief</u>

1. **Notices**

CMS shall immediately post a Notice (Exhibit B) setting forth the rights of its employees under Title VII of the Civil Rights Act of 1964, as amended, in a prominent and conspicuous place, visible to all employees at all of its Alabama facilities, including but not limited to its Kilby Correctional facility, for as long as this Decree shall remain in force and affect. The Defendant shall provide a copy of said notice to the Commission within sixty (60) days of the execution of this Order.

2. <u>Zero Tolerance Policy</u>

CMS affirms the following "Statement of Zero-Tolerance Policy and Equality Objectives":

> CMS, Inc. is firmly committed to developing and maintaining a zero-tolerance policy concerning racial and gender harassment, race and gender discrimination and retaliation against employees who complain of harassment and/or discrimination in the workplace or who otherwise participate in the investigation or litigation of the Title VII proceedings; it is committed to swiftly or firmly responding to any acts of racial and gender harassment, race and gender

4

> discrimination or retaliation of which the company becomes aware; It is committed to implementing a system that is designed to strongly deter future acts of gender, racial or race-based harassment or retaliation; and it is committed to eradicating any vestiges of a work environment hostile to members of any race or either gender, and to actively monitoring its workplace to ensure tolerance, respect and dignity for all people.

Neither this paragraph nor any other portion of this Decree creates any contractual causes of action or other right that does not otherwise exist under state and federal law.

### 3. Race and Gender Harassment Policies

CMS shall amend the enforcement procedures for the company policy on harassment to cover all forms of harassment protected by the Civil Rights Act of 1964, as amended. During the duration of the Decree, CMS may amend the Anti-Harassment Policy from time to time as it may deem necessary, as long as the amended policy does not change the substantive import and is reasonably designed to achieve the same effect as the present Anti-Harassment Policy, as amended, in meeting the purposes of this Decree. During the duration of the Decree, prior to implementing an amended policy, CMS shall provide the EEOC with notice and a copy of its proposed amendment and a statement of the reasons for the amendment for their information and comment.

### 4. Individual References and Rights

CMS agrees to follow an employment reference policy for the Charging Parties as follows: Upon inquiry, it shall provide only the dates of employment and positions held. Upon written request of such individuals, CMS shall supply them with a letter to this effect. No mention shall be made to the person requesting the reference concerning this lawsuit or the Charges of Discrimination which have been filed or the participation in the settlement of this suit. CMS will state in the reference that it is the policy of CMS to give only the status of employment and position(s) held

when responding to a request for reference. This provision servives the expiration of this Decree.

C. <u>Training</u>

1. **General Obligation**

CMS shall provide training to its officers, managers (including supervisors) and hourly employees at all of its Alabama facilities on gender and race discrimination, gender and race harassment and retaliation on at least an annual basis so long as this Decree remains in force and effect.

2. **Training and Obligations**

CMS shall within sixty (60) days of the date of this Decree submit to the EEOC for the EEOC's approval, a proposal for training its officers, managers and hourly employees at its Alabama facilities on race discrimination, racial harassment and retaliation to be held within four (4) months after the signing of this Decree. Every year thereafter, CMS shall submit its proposed training for the next annual training session to the EEOC for approval. Such a training plan shall include the dates that the training will be conducted, copies of the materials to be used and the name and qualifications of the person(s), entity and entities to conduct the training. The EEOC may comment on the training material as it deems appropriate. CMS shall use qualified educators who may be CMS employees to conduct said training and may include, but is not required to include training conducted by the EEOC under its Technical Assistance Program.

3. **Levels of Training**

CMS shall structure the training in at least three (3) tiers: (a) training for Managers (including supervisors) at all of its Alabama facilities; (b) training for Human Resources Personnel and any other personnel designated by CMS as described above who are charged with the responsibility for

receiving and investigating complaints of racial harassment, race discrimination or retaliation in Alabama, and who have the responsibility for conducting in-house training in Alabama; (c) training for hourly employees in Alabama. The EEOC shall be provided advanced notice of scheduled training sessions for management.

4. **Management Training**

All managers shall have, at a minimum, annual training in racial and gender harassment, race and gender discrimination and retaliation training which may include either regular training or new hire training. All regular training for managers and supervisors shall be conducted on at least an annual basis. Said training shall specifically address that retaliation is a violation of the law. All participants for training shall be required to sign an attendance sheet.

5. **Human Resource and Investigatory Training**

All training for human resource personnel and personnel charged with the responsibility of receiving and investigating complaints of discrimination in Alabama under the company's race and gender discrimination, racial and gender harassment and retaliation policy shall be conducted on at least an annual basis. Said training shall specifically include training on recognizing, investigating complaints of and preventing race and gender discrimination, racial and gender harassment and retaliation. All participants shall be required to sign an attendance sheet or shall certify in writing, including a description of the training, that they attended a training session. Any employee charged with the regular duty of investigating racial or gender harassment, race or gender discrimination or retaliation allegations in Alabama commencing more than sixty (60) days after the entry of the decree shall have completed the above training before being assigned the investigatory function.

6. **Hourly Employee Training**

Training for hourly employees in Alabama on racial and gender harassment, race and gender discrimination and retaliation shall be conducted upon hire and thereafter on at least an annual basis. All participants shall be required to sign an attendance sheet. CMS shall also educate its new hires by implementing a policy or orientation which includes at least an audio or video presentation of approximately eighteen (18) minutes on the company's "zero tolerance" racial and gender harassment, race and gender discrimination and retaliation policies. Each new hire shall be required to sign an attendance sheet, or other record evidencing that he or she has attended the orientation course.

7. **Reports on Training**

Annual reports on training as it is given will be provided to the EEOC as part of CMS' annual reporting.

E. Reporting

CMS shall render a copy of its initial report on compliance to the EEOC within six (6) months of the approval of this Decree, for purposes of showing compliance with this Decree. All reports to the EEOC shall be made to Senior Trial Attorney Naomi Hilton Archer, 1130 22nd Street, South, Ridge Park Place, Suite 2000, Birmingham, AL 35205, unless CMS is notified by the EEOC in writing of a change in the reporting contact person.

F. Dispute Resolution Procedure

The United States Magistrate Judge for the Middle District of Alabama who approves this Decree or the assigned United States District Judge for the Middle District of Alabama shall have the authority to resolve all disputes arising under the Decree subject to the various limitations of

enforcement set forth in this decree. If a dispute arises, counsel for the Charging Parties, the EEOC or CMS shall notify all counsel of record. Counsel will then agree to meet and confer as necessary on differences in the application of this Decree about which notice is given and use their best efforts to resolve any differences or disputes regarding the interpretation or implementation of this Decree including compliance with the training, education, or complaint process as set out herein. This procedure must be complied with before any contempt proceeding is initiated. Counsel shall have the right to move the Court to resolve any dispute regarding compliance with any provision of this Decree after the following conditions have been met:

1. If any party has good reason to believe that a legitimate dispute exists under this Decree which cannot be resolved by consent agreement, the initiating party shall give prompt written notice to the other party, including a reference to the specific provisions of the Decree, a statement of the issues, a statement of the remedial action sought by the initiating party in a brief statement of the facts, circumstances and other arguments supporting the position of the initiating party;

2. The non-initiating party will have twenty (20) days within which to respond in writing to the statement of facts and arguments set forth in the notice and shall provide its written position including the facts and arguments which support its position to the initiating party;

3. The parties shall then undertake by negotiations and by the exchange of relevant documents to attempt to resolve the area of dispute or alleged non-compliance.

4. If good faith efforts to resolve the matter fail, written notice of impasse to the non-initiating party or parties will be given and any party may file a motion with the Court, with supporting briefs, requesting resolution of the dispute on the issue on non-compliance, provided such motion shall be limited to disputes and issues specifically raised pursuant to this provision, and that

the "meet and confer" provisions of this section have been complied with. The non-moving party will have fifteen (15) days to respond to any such notice and reply pleadings will only be allowed by consent of the opposing party or by order of the Court.

5. The Court shall attempt to resolve any dispute raised under the preceding paragraph with or without a hearing and the decision of the Court on this issue will be final and binding.

DONE AND ORDERED on this the _8th_ day of _March_ 2001.

_____
United States Magistrate Judge

By Consent:

Equal Employment Opportunity
    Commission:
Gwendolyn Young Reams
Deputy General Counsel

Equal Employment Opportunity
    Commission
1801 "L" Street N.W.
Washington, D. C. 20507

_____
Mildred Bryd
Supervisor Trial Attorney

_____
Naomi Hilton Archer
Senior Trial Attorney

Equal Employment Opportunity
    Commission

10

1125 22nd Street South, Suite 2000
Ridge Park Place
Birmingham, Alabama 35205
Tel: (205) 731-1358

WHEREFORE, the below-signed counsel for the parties, therefore move the Court to grant this motion and to approve the attached Decree in its entirety on the _____7th_____, day of __March__, 2001.

Respectfully submitted,

_____
James S. Lloyd (LLO-004)
Heidi A. Wells (WEL-026)
Attorneys for Defendant
Correctional Medical Services, Inc.
**LLOYD, GRAY, WHITEHEAD, P.C.**
Two Perimeter Park South
Suite 100
Birmingham, AL 35243
(205) 967-8822]

_____
Naomi Hilton Archer
Senior Trial Attorney
Equal Employment Opportunity Commission
1125 22nd Street South, Suite 2000
Ridge Park Place
Birmingham, Alabama 35205
Tel: (205) 731-1358

# NOTICE TO EMPLOYEES

Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin or age (40 and over) with respect to hiring, promotion, firing, discharge, compensation, or other terms, conditions or privileges of employment.

Correctional Medical Services supports and will comply with such Federal law in all respects and will not take action against employees because they have exercised their rights under the law.

Correctional Medical Services has revised its anti-harassment policy to make clear that harassment on the basis of race as well as gender or sexual harassment is prohibited. CMS will ensure that all supervisory employees and other employees abide by the requirements of that policy. Correctional Medical Services will not discriminate against any employee on the basis of his or her race, or on any other grounds protected by the Federal Civil Rights laws. Correctional Medical Services will not retaliate or discriminate against any individual who makes a complaint or files a grievance alleging discrimination or harassment.

_____              _____
Date                                                                          On behalf of Correctional Medical Services

**(To replace Sections 1.1 - 1.2 of the Employee Success Guide)**

**EQUAL EMPLOYMENT OPPORTUNITY**

Correctional Medical Services, Inc. ("CMS") is fully committed to the challenge and opportunity to be an equal opportunity employer. We will make all decisions to recruit, select, train, transfer, promote and release employees without regard to age, race, sex, religion, national origin, Vietnam-era veteran or disabled veteran status. We will also ensure that equal employment opportunity is provided for qualified individuals with a disability. In addition, we will ensure that our human resources policies and practices, such as wages, benefits, lay-offs, social and training programs will be administered without regard to age, race, sex, religion, national origin, disability, Vietnam-era veteran or disabled veteran status.

**"NO HARASSMENT" POLICY**

CMS intends to provide a work environment that is pleasant, professional, and free from intimidation, hostility or other offenses that might interfere with work performance. Harassment of any sort - verbal, physical or visual - will not be tolerated, particularly against employees in protected classes. These classes include, but are not necessarily limited to race, religion, sex, age, national origin, disability, veteran status, or any other protected status defined by law.

**HARASSMENT DEFINED:**

Workplace harassment can take many forms. It may be, but is not limited to words, signs, offensive jokes, cartoon, pictures, posters, e-mail, jokes or statements, pranks, intimidation, physical assaults or contact, or violence. Harassment is not necessarily sexual in nature. It may also take the form of other vocal activity including derogatory statements not directed to the targeted individual but taking place within their hearing. Other prohibited conduct includes written material such as notes, photographs, cartoons, articles of a harassing or offensive nature and taking retaliatory action against an employee for discussing or making a harassment complaint.

**RESPONSIBILITY:**

All CMS employees, <u>particularly supervisors and managers</u>, have a responsibility for keeping the work environment free of harassment. Any employee who becomes aware of an incident of harassment, whether by witnessing the incident or being told of it, must report the incident as provided in the "REPORTING" section below as soon as practical following their becoming aware of the incident.

## POLICY STATEMENT AGAINST SEXUAL HARASSMENT:

Sexual harassment involving unwelcome sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature will not be tolerated where such conduct had the purpose or effect of interfering with an employee's work performance, creates an intimidating, hostile or offensive work environment, or is used as the basis for any decisions affecting such individuals.

This policy applies universally to all employees in their dealings with each other and disregard for it will be grounds for immediate corrective action, which may include termination.

CMS prohibits any employee from retaliating in any way against anyone who has raised any valid concern about sexual harassment or discrimination against another individual.

## REPORTING:

Internal Complaint procedures have been set up to ensure effective and confidential investigation and resolution of harassment complaints. Employees are encouraged to use this procedure immediately by contacting either their supervisor or the Area Human Resources department at 1-800-325-4809, Ext. 9526, to discuss, in confidence, their belief that they are victims of the conduct described above or other complaint of harassment.

All reports of harassment will be investigated and disciplinary action will be taken when appropriate. All reports will be investigated with due regard for the privacy of everyone involved. However, confidentiality cannot be guaranteed. Any employee found to have harassed a fellow employee or subordinate will be subject to severe disciplinary action up to and including termination. CMS will also take any additional action necessary to appropriately remedy the situation. Retaliation of any sort will not be permitted. No adverse employment action will be taken for any employee making a good faith report of alleged harassment.

All supervisors and managers are required to take appropriate steps to disseminate this policy, inform employees of the procedures for lodging complaints, and notifying the Human Resources Department of any complaint they receive.